

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DRAYTON LESTER,                }
                               }
    Plaintiff,                 }
                               }   CIVIL ACTION NO.
    vs.                        }
                               }   96-AR-0812-S
COMPASS BANK, et al.,          }
                               }
    Defendants.                }

## MEMORANDUM OPINION

The court has before it the motions of defendants, Compass Bank ("Compass") and Security Engineers, Inc. ("SEI"), for summary judgment. Plaintiff, Drayton Lester ("Lester"), alleges that Compass and SEI[1] violated Title V of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203, et seq. ("the ADA"), by terminating him in response to his having aided or encouraged a disabled individual. This court adopts and incorporates the facts of this case as laid out in its previous memorandum opinion of February 10, 1997. Because no genuine issues of material fact exist with regard to Lester's claims under Title V of the ADA, this court determines that summary disposition under Rule 56 is appropriate. Compass' remaining claim of conversion arises

---

[1] The question regarding whether Compass or SEI or both employed Lester is not raised in the motions before this court and heretofore has not been answered. While that issue was raised in previous Rule 56 motions, it was not a determining factor, and therefore, was not reached by this court. Because it is not before the court and because the present motions can be ruled upon without reaching that issue, this court need not determine who employed Lester.



solely from Alabama state law and is properly pursued in a state forum.

## II. Legal Analysis

### A. Rule 56

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). The obvious was stated by the Eleventh Circuit as follows: "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). Defendants have invoked Rule 56.

### B. Title V - Retaliation and Coercion Claim

Lester asserts that Compass and SEI terminated him in retaliation for his actions opposing an act or practice made unlawful by the ADA or for having aided and encouraged John Benefield ("Benefield"), an amputee, in the exercise or enjoyment of a right protected by the ADA.[2] The ADA provides as follows:

---

[2]This court will presume that Lester is asserting that he was fired in retaliation for opposing acts made unlawful under the ADA and for encouraging Benefield to exercise his rights under the ADA, even though Lester's brief speaks solely in terms of retaliation under Title VII, a cause of action not pled, briefed or asserted in this case. (Lester's Brief in Opposition to Defendants' motions for summary judgment at 1, 2, 7, & 8).

>(a) No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter . . . .
>
>(b) It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual . . . on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Chapter.

42 U.S.C. § 12203(a)(b) (1996).

In order for Lester to establish a retaliation claim under the ADA, Lester must demonstrate that (1) he engaged in statutorily protected conduct; (2) that he was subjected to an adverse employment action subsequent to the protected conduct; and (3) a causal connection exists between the protected conduct and the adverse action. *See Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956, 959 (11th Cir. 1997)(Title VII retaliation claim); *see also Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1459 (7th Cir. 1995)(ADA retaliation claim); *Braverman v. Penobscot Shoe Co.*, 859 F. Supp. 596, 604 (D.Me. 1994)(42 U.S.C. § 12203(b) claim). If Lester establishes a *prima facie* case, the burden shifts to defendants to articulate a legitimate, non-discriminatory reason for the employment action. Thereafter, if defendants meet their burden, the burden shifts back to Lester to prove that the articulated reason was pretextual. *See Combs v. Plantation Patterns*, ___ F.3d ___, 1997 WL 70608, at *10-15 (11th Cir. Feb. 20, 1997)(thoroughly

3

addressing the standard to apply with regard to the question of pretext); see also *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996)(en banc), cert. filed, 65 U.S.L.W. 3571 (1997).   But see *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 442-43 (11th Cir. 1996); *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996)(en banc); see also *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 842-43 (1st Cir.)(1993), cert. denied, 511 U.S. 1018, 114 S. Ct. 1398 (1994).

This court discerns that Lester has failed to establish a *prima facie* case of coercion and/or retaliation. Lester wisely does not assert in his opposition to defendants' motions for summary judgment that he was coerced, intimidated, threatened or interfered with because he aided or encouraged Benefield in his quest for a job with Compass or SEI. Lester probably does not assert the aforementioned because it is obvious to him, as it is to this court, that Lester has not engaged in statutorily protected conduct under 42 U.S.C. § 12203(b). Accordingly, this court determines that the motions of Compass and SEI as to Lester's claim under 42 U.S.C. § 12203(b) are due to be granted.

With regard to Lester's claim that he opposed an act or practice made unlawful under the ADA, this court will address SEI and Compass separately. With regard to SEI, it is apparent to

4

this court that Lester failed to meet the first element of his *prima facie* retaliation case; that is, he failed to demonstrate that he engaged in statutorily protected conduct. Lester does not assert that he opposed the acts of SEI in recommending that Lester interview Benefield or the act of SEI hiring Benefield in the dispatcher position. In fact, he does not even assert that SEI did anything unlawful, save fire him. "It is critical to emphasize that [Lester's] burden under [the first prong of a retaliation case] has both a subjective and objective component." *Little*, 103 F.3d at 960. With that in mind, Lester has failed to demonstrate the objective component. There is no evidence which could lead a reasonable person to believe that SEI was committing an unlawful employment practice with respect to Benefield.

With regard to Compass, this court proceeds assuming arguendo that Lester established the first two elements of his *prima facie* case. He failed, however, to establish the third element; that is, he failed to establish that his action in "championing" the cause of Benefield was in any way related to his termination.

The evidence clearly demonstrates that there is no causal connection between Lester's termination and his recommendation that Compass and SEI hire Benefield. Compass sent Lester a letter on May 4, 1995, informing him that if he did not rectify a

5

laundry list of problems his position would be eliminated. Subsequent to this letter, Lester interviewed Benefield at the request of SEI and recommended that Benefield be hired to work at Compass. Compass did not hire Benefield, but SEI did and at a higher pay scale than Benefield would have received if he was employed in the console position at Compass. Thereafter, Compass fired Lester, because he did not correct the problems brought to his attention prior to his chance meeting with Benefield and because Compass desired to restructure its guard force due to the costs associated with training SEI employees to work at Compass. Contemporaneously, Compass eliminated two security guard positions.

In contrast, Lester asserts that he was fired because he recommended that Compass and SEI hire Benefield. He argues that, at the very least, the fact that he was fired soon after he recommended Benefield creates an inference of causation. Further, Lester attempts to discount the fact that Compass sent the warning letter <u>before he ever even met Benefield</u> as a bit of blind luck. This court disagrees with the proposition that Compass just got lucky. Simply, there is no evidence to support Lester's argument. A jury would have to engage in speculation, based on the timing of his termination, in order to find a causal connection.

6

Even assuming arguendo that Lester established his *prima facie* case of retaliation against SEI and Compass, he has failed to demonstrate that the legitimate non-discriminatory reasons proffered by Compass and SEI for terminating him are pretextual.[3] In order to establish pretext, Lester must establish that Compass and SEI's proffered reason for the employment action is untrue. *See Combs*, 1997 WL 70608, at *10.

Lester argues that the reason offered by Compass for terminating him was pretextual[4] because he believed that he had rectified some of the problems addressed in Compass' warning letter. Furthermore, Lester asserts that Compass' reason was pretextual because it was concerned about the cost of accommodating Benefield in the event that it hired him.

Lester must do more than assert that he believes he rectified the problems addressed in the letter. The evidence indicates that Compass fired Lester after it warned him about certain problems and after those problems were not rectified. Lester must do more than challenge the judgment of Compass

---

[3] Lester concedes that Compass and SEI provided legitimate non-discriminatory reasons for his termination. Even if Lester did not concede such, the evidence clearly demonstrates that the reasons proffered by both Compass and SEI for Lester's termination were legitimate and non-discriminatory.

[4] Lester basically ignores SEI throughout his brief in opposition. Lester probably ignores SEI because he cannot fashion an argument that could in any way depict SEI's actions as discriminatory in nature. Especially, in light of the fact that SEI hired Benefield.

7

through his own self-interested assertions. *See Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986), *cert. denied*, 479 U.S. 1068, 107 S. Ct. 954 (1987); *see also Smith v. Flax*, 618 F.2d 1062, 1066-67 (4th Cir. 1980). It is the perception of the employer which is relevant in determining whether Lester was fulfilling his job. *See Smith,* 618 F.2d 1067. Lester has failed to offer anything other than his subjective belief to contradict Compass' reason for his termination.

Furthermore, while the evidence may reflect that Compass had some reservations about the potential cost of accommodating Benefield in the console position, there is no evidence which indicates that Lester's recommendation played any role in Compass' decision to terminate Lester. If anything, the evidence reflects that the potential cost to Compass led to SEI's hiring Benefield at a higher paying position. "[B]ecause the plaintiff bears the burden of establishing pretext [for discrimination], he must present 'significant probative' evidence on the issue to avoid summary judgment." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996)(citing cases). Absent 'significant probative' evidence that would permit a reasonable fact finder to disbelieve Compass' proffered reason for firing Lester, Lester fails to demonstrate pretext. Lester has failed to present such evidence, but instead relies upon conclusory

8

allegations. "Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext." *Id.* Thus, the motions of Compass and SEI for summary judgment as to Lester's retaliation claim are due to be granted.

DONE this 19th day of March, 1997.

/s/ Willam M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT

```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

DRAYTON LESTER,                }
                               }
    Plaintiff,                 }
                               }   CIVIL ACTION NO.
    vs.                        }
                               }   96-AR-0812-S
COMPASS BANK, et al.,          }
                               }
    Defendants.                }

**ORDER**

The court has before it the motion of Drayton Lester ("Lester"), for sanctions against defense counsel. Lester asserts that defense counsel violated Alabama Rules of Professional Conduct Rule 3.3(a)(1) by failing to cite to this court binding and directly contradictory case law, namely, *Batey v. Stone,* 24 F.3d 1330 (11th Cir. 1994). Lester argues that defense counsel improperly cited *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742 (1993) as binding and relevant in this case. In Lester's opinion, *Hicks* is not binding on this case because the eleventh circuit has clarified *Hicks* in subsequent case law which illustrates that *Hicks* is inapposite to the present action. Defense counsel disagrees and asserts, without moving for sanctions, that plaintiff's counsel did not cite the more recent and on point Eleventh Circuit opinion in *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436 (11th Cir.

1996).

Initially, this court notes that the motion is due to be denied because Lester failed to follow Rule 11(c)(1) Fed.R.Civ.P. Rule 11(c)(1) requires that any motion for sanctions "shall not be filed with or presented to the court," unless within 21 days after service the problem is not appropriately corrected. Lester did not wait the requisite 21 days. This court admonishes Lester for failing to meet the statutory requirements, while attempting to hold defense counsel to a higher standard.

Further, this court cannot and will not sanction counsel due to their interpretation of case law that appears to be in constant flux. Especially in light of the fact that the Eleventh Circuit apparently had a difference of opinion as to what standard to apply to the delicate issue of pretext in an employment case. *See Walker v. Nationsbank of Florida*, N.A., 53 F.3d 1548 (11th Cir. 1995). *But see Howard v. BP Oil Co.*, 32 F.3d 520 (11th Cir. 1994). Accordingly, Lester's motion for sanctions be and the same is hereby DENIED.

With regard to the issue of pretext, this court would like to inform counsel and parties alike, that the Eleventh Circuit has now saved the day in the recent case of *Combs v. Plantation Patterns*, ___ F.3d ___, 1997 WL 70608 (11th Cir. 1997). Thus, counsel can dispense with citing a litany of cases within this circuit and can instead rely upon the most recent and thorough

case addressing the issue of pretext, *Combs*, unless and until, the *en banc* court, the United States Supreme Court or Congress changes it.

DONE this 19th day of March, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT